**BUCHANAN v. FRITTS et al.**

Court of Appeals ᴏ Kentucky.

June 19, 1951.

F. C. Bryan, Mt. Sterling, for appellant.

Lewis A. White, Mt. Sterling, for appellees.

CAMMACK, Chief Justice.

This appeal is from a judgment dismissing Mrs. Maggie Buchanan's petition after a demurrer had been sustained thereto and she declined to plead further. The basis of the action is that Mrs. Buchanan was overreached by a real estate agent who failed to disclose to her all of the facts within his knowledge concerning property which he had been authorized to sell at public auction for her.

On August 27, 1949, Mrs. Buchanan authorized the appellees to sell at public auction a house and lot belonging to her in Mt. Sterling. The sale was scheduled for September 10, 1949. The sale was advertised. On August 30th, W. H. Fritts, of the real estate agency which had contracted to conduct the auction sale, entered into a contract with Mrs. Buchanan whereby he agreed to buy the property for $6800. Under the sales agreement the appellees were not to charge the 5 per cent commission and Mrs. Buchanan agreed to permit the auction sale to be held as advertised and to deliver a deed to the purchaser at the public sale. The property brought $8610 at the sale. Mrs. Buchanan sought to recover the sum of $1810, the difference between the contract price paid by Mr. Fritts and the amount the property brought at the auction.

The following paragraph from the petition sets forth the essential facts upon which Mrs. Buchanan based her case: "That on August 30, 1949, at the time said contract of sale was entered into by plaintiff with the defendant, W. H. Fritts, the fair reasonable market value of the house and lot located at 115 East Main Street, Mt. Sterling, Kentucky, was between eight thousand five hundred ($8,500) dollars and nine thousand ($9,000) dollars; that at all times during which the defendants, W. H. Fritts and Walter J. Fritts, were negotiating the sale of said house and lot from the plaintiff to the defendant, W. H. Fritts, each of them had full knowledge that the then fair market value of said house and lot was between eight thousand five hundred ($8,500) dollars and nine thousand ($9,000) dollars; that at all times during which the defendants, W. H. Fritts and Walter J. Fritts, were negotiating the sale of said house and lot from the plaintiff to the defendant, W. H. Fritts, each of said defendants fraudulently and negligently concealed from, failed to disclose to and refused to advise plaintiff as to the then actual fair market value of said real estate being between eight thousand five hundred ($8,500) dollars and nine thousand ($9,000) dollars; that plaintiff is an elderly woman; that she is a widow, her husband having died some five years ago; that plaintiff has had very little business experience and has practically no knowledge of real estate values in Montgomery County, Kentucky; that all of these facts and circumstances were known to both of the defendants at all times mentioned in this petition; that by virtue of the failure to the defendants, Walter J. Fritts and W. H. Fritts, to disclose to plaintiff and advise her in negotiating the sale to one of her then real estate agents, W. H. Fritts, of the property described herein as to its

fair market value, the plaintiff was negligently and fraudulently induced by said defendants to sell said property to the defendant, W. H. Fritts, at the inadequate and insufficient price of six thousand and eight hundred ($6,800) dollars; that by virtue of the above facts the defendants failed to use reasonable diligence and skill as the real estate agents for plaintiff in securing the best price obtainable for the herein mentioned real estate."

It is significant that, while there was a charge that the appellees knew the fair market value of the property to be between $8500 and $9000, there was no allegation as to a price which the appellees knew the property would bring or as to what any bidder or bidders would be willing to pay for the property on the day of the sale. Obviously, Mr. Fritts thought that he would make a profit on the property or he would not have been willing to pay $6800 for it. On the other hand, there was no showing as to why Mrs. Buchanan was any more incapacitated to make a contract for a private sale of the property than she was to make a contract for its public sale.

We know of no rule of law prohibiting a real estate agent from purchasing privately from his principal property which he has been authorized to sell at public auction if he deals openly and fairly with him. In the case of Maxwell v. Bates, 239 Ky. 600, 40 S.W.2d 304, it was pointed out that an agent may not purchase the property of his principal where the purchase is made without the agreement or consent of the principal. There is a duty upon a real estate agent to deal fairly with his principal and to disclose to him all material facts within his knowledge. Such a situation was presented in the case of Phillips v. Riedinger, 197 Ky. 255, 246 S.W. 791. In that case the agent was required to account for profits in a transaction which he had not fully disclosed to his principal. Had Mrs. Buchanan charged that Mr. Fritts knew at the time he purchased the property on August 30th that one or more persons were planning to bid an amount in excess of $6800 on the property on the day of the sale, we would be faced with a different situation.

It may be that Mr. Fritts should be censured for dealing as he did with an elderly woman, but this is not to say that, in order to maintain a cause of action against him, she should not be required to allege facts showing that he failed to disclose to her all material facts concerning the sale of her property.

Judgment affirmed.